32 F.3d 563
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
WEBSTER, INCORPORATED, d/b/a Webster Realty, Plaintiff-Appellee,
v.
Alvin I. BROWN, individually and as trustee and agent for
others, Defendant-Appellant.
WEBSTER, INCORPORATED, d/b/a Webster Realty, Plaintiff-Appellant,
v.
Alvin I. BROWN, individually and as trustee and agent for
others, Defendant-Appellee.
 Nos. 93-2439, 93-2490.
 United States Court of Appeals, Fourth Circuit.
 Argued: July 19, 1994.
Decided: August 26, 1994.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Senior District Judge. (CA-92-197-A)
 Gerald Richard Walsh, Walsh & Cremins, P.C., Fairfax, Virginia, for Appellant.
 David Thomas Ralston, Jr., Leonard, Ralston, Stanton & Danks, Washington, D.C., for Appellee.
 Melissa M. Thomson, Walsh & Cremins, P.C., Fairfax, Virginia, for Appellant.
 Thomas J. Stanton, Leonard, Ralston, Stanton & Danks, Washington, D.C., for Appellee.
 Before WILKINS and LUTTIG, Circuit Judges, and TRAXLER, United States District Judge for the District of South Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 In 1988, Alvin Brown, an experienced real estate developer, entered into a contract with Webster, Inc., a licensed real estate broker in Alexandria, Virginia. Under the contract, Webster agreed to help Brown sell certain real property located in Stafford County, Virginia. In exchange, Webster would receive a sales commission of five percent of the purchase price in the event that the sale went through. Webster ultimately found a buyer, and the land was sold for approximately $10.5 million. Within a year after settlement, the purchaser defaulted. When Brown stopped receiving payments from the purchaser, Brown in turn ceased making his commission payments to Webster.
 
 
 2
 The key issue on appeal is whether the sales contract, as Webster argues, is a customary real estate contract under Virginia law requiring payment of the full commission regardless of purchaser default, or whether, as Brown argues, the parties intended a special contract with Webster's commission contingent upon full performance by the purchaser.
 
 
 3
 The dispute revolves around the following contract language:
 
 
 4
 Seller hereby acknowledges that there will be and agrees to pay a real estate commission of five percent (5%) of the sales price paid to Seller at settlement and thereafter. The commission will be payable to Webster Realty in installments of five percent (5%) of each cash payment made to Seller at settlement and thereafter pursuit [sic] to the deferred purchase money note.
 
 
 5
 J.A. at 487. Upon finding that this language unambiguously created a contingent commission arrangement, with Webster assuming the risk of purchaser default, the district court initially entered summary judgment in Brown's favor.
 
 
 6
 This court vacated that judgment and remanded to the district court on the ground that the contract was ambiguous with regard to the commission. Webster, Inc. v. Brown, No. 92-2308, slip op. at 6 (4th Cir. June 8, 1993) ("Webster I "). In Webster I, we noted that "the general practice regarding real estate commissions" in Virginia is for a real estate broker to receive a full commission, regardless of whether the purchaser ultimately defaults, and that the risk of purchaser default is presumed to fall on the seller, not on the broker. Id. at 5. We noted further in Webster I that under Virginia law, "a special contract to condition a real estate agent's fee upon the buyer's full performance will not be recognized absent clear evidence of such an intent." Id. (citations omitted).
 
 
 7
 With Virginia law as our guide, we stated in Webster I that "the far better reading" of the contract, without any extrinsic evidence, would require Brown to pay the commission in full, regardless of purchaser's post-settlement default. Id. at 6. However, we were "unwilling to wholly discount the possibility that the parties could have intended ... to allocate the risk of pre-settlement purchaser default on Brown but that of post-settlement default on Webster." Id. We remanded to the district court for a determination of whether there existed any clear evidence of intent to make the commission contingent upon the purchaser's performance.
 
 
 8
 On remand, the district court heard testimony from both parties and concluded that the parties did not intend to create a special contract with a contingent commission. J.A. at 477-78. The district court noted that the proffered "evidence does not persuade me that there was an intent on the part of the parties, certainly not on the part of the plaintiff, to condition the plaintiff's fee upon the buyer's full performance." J.A. at 477-78. Further, the district court found that "while Brown may have had a secret or an unexpressed desire to make this a contingency contract," the statements of Brown's agent indicated that Brown agreed with Webster's understanding that the full commission "would be paid and not that it would be any contingent arrangement." J.A. at 478. The evidence also demonstrated that Brown's attorney repeatedly used the term "deferred," and not contingent, in his description of the commission due, and the district court found this "more consistent with the plaintiff's position that the commission was owed and earned." J.A. at 479. The district court ultimately concluded that "there has been no clear evidence of an intent to condition the real estate agent's fee upon the full performance by the buyer," and entered judgment in favor of Webster. J.A. at 479.
 
 
 9
 The district court examined evidence of the parties' intent in accordance with Webster I. Finding no clear error on the part of the district court, we affirm on the district court's reasoning. We also conclude that the district court did not abuse its discretion in its determination of prejudgment interest.
 
 
 10
 For the reasons stated herein, we affirm the judgment of the district court.
 
 
 11
 AFFIRMED.
 
 
 12
 TRAXLER, District Judge, dissenting.
 
 
 13
 I dissent because I do not believe the law of Virginia requires Brown to prove the existence of a special contract for a broker's commission by clear evidence. The issue concerning the intent of the par ties should be resolved by determining whether Webster proved its case by a preponderance of the evidence. For these reasons, I would reverse and remand.